UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANNIE WILLIAMS**                                          **CASE NO. 2:22-CV-04933**

**VERSUS**                                                  **JUDGE JAMES D. CAIN, JR.**

**PROGRESSIVE INSURANCE CO**                                **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court are a Motion to Dismiss [doc. 23] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and a Motion to Set Aside Default [doc. 24] filed pursuant to Federal Rule of Civil Procedure 55(c) by defendant Progressive Property Insurance Company. Plaintiff opposes the Motion to Dismiss. Doc. 26. Also before the court is a Motion to Amend [doc. 22] filed by plaintiff.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Lake Charles, Louisiana, in Hurricanes Laura and Delta. Plaintiff filed suit in this court on August 26, 2022, raising claims of breach of insurance contract and bad faith against "XYZ Insurance Company" under Louisiana law. Doc. 1. There she invoked the court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* On October 20, 2022, plaintiff amended her suit to substitute "Progressive Insurance Company" as defendant. Doc. 11. She then filed proof of service indicating that this entity had been served through the Louisiana Secretary of State on October 26, 2022. Doc. 13.

At plaintiff's motion a clerk's entry of default was made against "Progressive Insurance Company" on June 16, 2023. Doc. 19. Two weeks later the court received a letter from the Louisiana Secretary of State indicating that it could not send the notice of entry of default to "Progressive Insurance Company" because it was not the proper name of the insurer. Doc. 21. Plaintiff then filed a motion to amend the complaint and substitute Progressive Property Insurance Company ("Progressive") as defendant. Doc. 22. Progressive filed a motion to set aside the default on August 1, 2023. Doc. 24. It also filed a motion to dismiss the suit for lack of jurisdiction, asserting that there is no diversity jurisdiction because both Progressive and plaintiff are citizens of Louisiana. Doc. 23. Plaintiff opposes the motion to dismiss on several disjointed grounds, with her only relevant argument being that Progressive changed its domicile to Louisiana at some point without informing plaintiff. Doc. 26.

## II.
## LAW & APPLICATION

### A. Motion to Set Aside Default

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 55(c), the court may set aside a default for good cause. The standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id.*; *CJC Holdings, Inc. v. Wright &*

*Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). These factors are nonexclusive and the court may also consider whether the defendant acted promptly to correct the default. *Effjohn*, 346 F.3d at 563.

### 2. Application

Progressive shows meritorious defenses based on the lack of subject matter jurisdiction, *infra*. There is no information in the record as to its failure to respond, but it did act with reasonable promptness to correct the default. Additionally, a default judgment may be voided for lack of subject matter jurisdiction. *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) ("The only question fit for our consideration is whether the [default] judgment was void for lack of subject matter jurisdiction, and the answer is no."); *see also Thomas v. Culpepper*, 2019 WL 6037992, at *3 (E.D. Tex. July 29, 2019) (collecting cases). Finding that the court lacks subject matter jurisdiction over the suit below, the court also concludes that there is no prejudice in setting aside the default because plaintiff could not obtain a default judgment against this defendant. Accordingly, the Motion to Set Aside Default will be granted.

### B. Motion to Dismiss and Motion to Amend

### 1. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings that do not, this matter is a "factual" attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### 2. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

It is undisputed that plaintiff is a citizen of Louisiana. Progressive shows that it became domiciled in Louisiana in April 2022, four months before this suit was filed, when it moved its principal place of business to Metairie, Louisiana. Doc. 23, att. 6. Plaintiff protests that Progressive was formerly domiciled in another state. Progressive's domicile at the time of suit, however, was a matter of public record and could have been discovered by counsel with the exercise of reasonable diligence. Accordingly, the suit lacks subject matter jurisdiction over plaintiff's claims.

In her proposed amended complaint, plaintiff raises additional allegations about Progressive's alleged mishandling of her claim. Doc. 22, att. 1. After a responsive pleading is served, a party may only amend with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). The court must "freely give leave when justice so requires." *Id.* But the issue still lies at the discretion of the court and may be denied on any one of several bases, including futility. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amended complaint is futile if it "would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Vioxx Prods. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations omitted). Plaintiff's proposed amendment does not cure the jurisdictional defects in her suit and the motion must be denied.

## III.
### Conclusion

For the reasons stated above, the Motion to Set Aside Default [doc. 24] and Motion to Dismiss [doc. 23] will be **GRANTED** and the Motion to Amend [doc. 22] will be **DENIED**. Accordingly, all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of August, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**